FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 1 2 2015

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| Priscilla Kellebre, | : |
| Plaintiff, | : Civil Action No.: 4:15CV21-JLH |
| v. | : |
| | : COMPLAINT AND DEMAND FOR |
| Colorado Technical University ; and DOES 1-10, inclusive, | : JURY TRIAL |
| | : This case assigned to District Judge Holmes |
| Defendants. | : and to Magistrate Judge Ray |

## COMPLAINT

For this Complaint, the Plaintiff, Priscilla Kellebre, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Priscilla Kellebre ("Plaintiff"), is an adult individual residing in Little Rock, Arkansas, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Colorado Technical University ("CTU"), is a Colorado business entity with an address of 4435 North Chestnut Street, Colorado Springs, Colorado 80907, and is a "person" as defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

5. Beginning in September, 2014, CTU contacted Plaintiff on Plaintiff's cellular phone, number 501-xxx-2095, in an attempt to solicit its services to Plaintiff.

6. During all times mentioned herein, CTU called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS").

7. When Plaintiff answered the calls, she would hear a period of silence. After the period of silence, CTU would terminate the call.

8. Plaintiff never provided her cellular phone number to CTU and never provided CTU with express written permission to place calls to her cellular phone. Furthermore, Plaintiff never expressed interest in the educational services offered by CTU through online forms or otherwise.

9. Without Plaintiff's permission, CTU placed over twenty calls to Plaintiff's cellular phone. The repeated calls caused Plaintiff significant inconvenience.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

10. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer").

12. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order,

18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

13. Defendants' telephone systems have some earmarks of a Predictive Dialer.

14. Often times when Plaintiff answered the phone, Defendants' telephone system did not connect the call to a live representative and the phone system would terminate the call.

15. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Plaintiff never provided her cellular telephone to Defendants and never provided her consent to be contacted on her cellular telephone.

17. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

19. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Punitive damages; and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 5, 2015

Respectfully submitted,

By /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff

5